# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ERIC PAYNE | * | |
| Plaintiff | * | |
| v | * | Civil Action No. PX-17-920 |
| STATE OF MARYLAND and PRINCE GEORGE'S COUNTY GOV'T. | * | |
| | * | |
| Defendants | | |

\*\*\*

## **MEMORANDUM**

The above-entitled case was transferred to this court from the United States District Court for the District of Columbia on April 10, 2017. ECF 4. Plaintiff moves to proceed in forma pauperis and for appointment of counsel. ECF 2 and 3. Because the complaint must be dismissed for the reasons stated herein, the pending motions shall be denied.

Plaintiff, pro se, filing purports to bring civil rights claims under 42 U.S.C. §1983 seeking monetary damages of 900 million dollars. *See* ECF 1-1. The complaint does not contain any specific claims against "persons" who allegedly violated plaintiff's constitutional rights during the course of his arrest, nor does it contain any discernible description of the events upon which the complaint is based. ECF 1 at p. 1 – 5. Included with the complaint are numerous copies of emails from the Plaintiff sent to the White House and various other political officials that appear to address Plaintiff's generalized concerns regarding societal ills unrelated to the complaint. ECF 1-2. Only one reference is made related to his complaint surrounding his arrest for disturbing the peace which occurred on February 7, 2017. *See id*. at pp. 10 - 11. The criminal case against plaintiff remains pending. *See State v. Payne*, Case No. 1E00601840 (Pr. George's Co. Dist. Ct. ) at http://casesearch.courts.state.md.us/inquiry.

Plaintiff filed this complaint in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in this court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). This court is mindful, however, of its obligation to construe liberally self-represented pleadings, such as the instant complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating such a complaint, the factual allegations are assumed to be true. *Id.* at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented."). In making this determination, "[T]he district court need not look beyond the complaint's allegations . . . . It must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White,* 886 F. 2d 721, 722-723 (4th Cir. 1989).

The court is simply unable to discern the nature of the claim Plaintiff asserts. Accordingly, the complaint does not comply with Fed. R. of Civ. Proc. 8(a)(2) which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Nor does the complaint comply with Rule 8(e)(1) which requires a pleading to be "simple, concise, and direct." The very purpose of a complaint is to provide "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swirkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint that is "so confused,

ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised" may be dismissed. *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

Even assuming Plaintiff's claim concerns the validity of his arrest, the complaint must be dismissed under *Heck v. Humphrey*, 512 U. S. 477, 486-87 (1994). Pursuant to *Heck*, claims challenging the legality of a conviction are not cognizable under 42 U.S.C. § 1983 unless and until the underlying conviction is reversed, expunged, invalidated, or impugned. Complaints that are deficient in this regard must be dismissed without prejudice. Here, the criminal charges resulting from Plaintiff's arrest are still pending, and any civil claim for damages implicating the pending case must be dismissed without prejudice. *See Edwards v. Balisok*, 520 U.S. 641, 645 (1997) (*Heck* precludes claims that necessarily imply the invalidity of the judgment). The court therefore dismisses petitioner's complaint without prejudice. A separate order follows.

Date: April 26, 2017                                        /S/
                                                            PAULA XINIS
                                                            United States District Judge